**Mitchell B. HOWE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 980–61.**

United States District Court
S. D. California,
Central Division.

Feb. 10, 1964.

Edward Sumner, Los Angeles and M. A. Sturges, Newport Beach, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty., for Southern District of California, by Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Section, and Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

THURMOND CLARKE, District Judge.

Plaintiff brings this action to recover $556.52 in taxes assessed and collected by defendant on certain sums plaintiff had paid Balboa Bay Club, Newport Beach, California, for rental of a boat slip. Assessments cover tax periods ending January 31, 1956; May 31, 1956; September 30, 1956; and September 30, 1957.

The Government bases its imposition of the tax on 26 U.S.C. § 4241 (Internal Revenue Code of 1954, § 4241), which in part provides:

"(a) Rate.—There is hereby imposed—

"(1) Dues or membership fees.— A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year. * * *"

The term "dues" is defined thus in 26 U.S.C. § 4242:

"(a) Dues.—As used in this part the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; * * *."

Plaintiff urges (1) the Balboa Bay Club is operated as a privately owned hotel and is in fact not a club or organization; (2) amounts paid for rental of boat slips are for leasehold interests in real property rather than dues.

Pertinent evidence may be summarized as follows:

Newport Bay Company, a corporation owned principally by two life insurance companies, leases certain real property from the City of Newport Beach. The corporation formed the Balboa Bay Club as a profit-making venture.

Its facilities include rooms and apartments, boat docks, dining rooms, a cocktail lounge, swimming pools and tennis courts. Approximately 1500 persons are dues-paying members of Balboa Bay Club. In addition, there are approximately 100 life members and approximately 200 persons holding complimentary memberships.

Club membership carries with it no interest in the plant. There are no general meetings. Members are not consulted in matters of policy. The only committee is one which plans a monthly party. Admissions of new members and expulsions from the organization are controlled by the club manager. There is no provision for transfer of membership, and any person dropping out loses his investment.

The president of Newport Bay Company appoints the Balboa Bay Club board of governors; this group consists of five directors of the corporation and a number of prominent club members. The office is largely honorary—governors are invited to give suggestions on minor matters, and twice a year they are hosts at governors' parties financed by the club.

Initiation fees and dues are deposited in a bank as funds of Newport Bay Company. There is no financial report to members.

Outside groups sometimes use the club facilities. These arrangements are made without consulting either the membership or the governors. Individual members of at least one other organization are admitted to the establishment. Rooms and apartments are sometimes rented to non-members; these persons are then permitted to use the club facilities. A beauty shop and a dress shop on the premises are open to the public.

Balboa Bay Club rents boat docks to individual members. These charges are billed monthly, the amount in each case being based on the size of the slip rented.

Sole question before the court is whether these rentals are "dues or membership fees to * * * [a] social, athletic, or sporting club or organization" within terms of 26 U.S.C. §§ 4241 and 4242.

Numerous cases define a "social, athletic, or sporting club or organization" as the phrase is used in § 4241. It is important to note the question here is not whether an existing club is social, athletic, or sporting; rather, the question is whether Balboa Bay Club is in fact a club or organization at all.

A comparable case is James Hotel Company v. Commissioner, 39 T.C. No. 12 (1962), aff'd, 325 F.2d 280 (10th Cir. Nov. 29, 1963), wherein the Tax Court said, at p. 7:

> " * * * The well-settled principle 'that the incidence of taxation depends upon the substance, not the form, of the transaction,' is particularly applicable in this case. * * The substance of the whole transaction discloses more of a seller-customer relationship between the petitioners and their club members than the usual corporation-stockholder relationship. * * *"

Here, too, the facts indicate a seller-customer relationship between the organization and the individual patron.

Internal Revenue Bulletin 1963-1, 15 (CCH Federal Excise Tax Reporter, para. 2163.685) sets out the following distinction:

> "Privately owned and operated for profit.—*M* club, a privately owned and controlled organization operated for profit, offers its members certain

sporting facilities. Only members and their guests are entitled to use the facilities of the club, and all applications for membership must be approved by a board of directors appointed by the club owners.

"N, a privately owned organization, operates certain sporting facilities for profit. The facilities are open to the general public upon payment of a fee each time they use the facilities. However, persons paying a specified annual amount are designated as 'members' and are permitted use of the facilities for a year without payment of an additional amount. Otherwise, no special privileges are conferred upon these persons.

"Held, M club is a 'social, athletic, or sporting club or organization' within the meaning of section 4241 of the Internal Revenue Code of 1954. However, N is not considered to be a 'social, athletic, or sporting club or organization' within the meaning of that section."

The court finds the establishment in the present case more nearly fits the definition in example N than in example M above. From the evidence it is apparent the Balboa Bay Club is an organization in outward form only. It has assumed the indicia of a club—memberships, a board of governors, a committee —without giving these persons the customary privileges and responsibilities, while the establishment has remained in fact a resort hotel operated for profit.

Balboa Bay Club then is not a "social, athletic, or sporting club or organization" within 26 U.S.C. § 4241. The sums paid for boat mooring fees are not dues nor membership fees, and plaintiff is entitled to a refund of the taxes paid.

Under this view it is not necessary to determine the second question raised by plaintiff: whether the mooring fees are dues within 26 U.S.C. § 4242, or are sums paid for a leasehold interest in realty.

Counsel for plaintiff shall submit proposed findings of fact, conclusions of law, and judgment in accordance herewith.